UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23210-COOKE/DAMIAN

TOP BEAM INC.,

    Plaintiff,

vs.

SHIELDX2 LLC and CERY PERLE,

    Defendants.
_____/

## OMNIBUS REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff, Top Beam Inc.'s ("Plaintiff" or "Top Beam"), Amended Motion for Entry of Default Final Judgment [ECF No. 13], Defendants, ShieldX2 LLC and Cery Perle's (collectively, "Defendants") Request to Remove Default [ECF No.15],[1] and Plaintiff's Motion to Strike Defendants' Untimely Answer [ECF No. 17] (the "Motions"). These Motions were referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge. [ECF No. 18]. *See* 28 U.S.C. § 636.

The undersigned has considered the parties' Motions and supporting documents and the pertinent portions of the record, and heard from Plaintiff's counsel, who appeared before this Court via Zoom on June 9, 2022[2], and is otherwise fully advised in the premises.

---

[1] The undersigned interprets Defendants "Request for Remove Default" [ECF No. 15] as a Motion to Set Aside the Clerk's Default.
[2] Defendants failed to appear before the Court on June 9, 2022, despite having notice of the hearing. *See* ECF No. 21.

  **I.**  **BACKGROUND FACTS**

The Loan and Guaranty

  On January 18, 2019, Defendants executed a promissory note [ECF No. 1-1 (the "Note")] in favor of Top Beam in the amount of $250,000 [ECF No. 1 (the "Complaint")]. In consideration for the loan, Defendants agreed to pay all principal, interest at the rate of 18% per annum, and other charges in one balloon payment on July 18, 2019. Compl. ¶¶ 9-10. Both Defendants were fully and individually liable for the obligations under the terms of the Note. Note ¶ 8.

  On January 22, 2019, as further security for the Note, Defendants executed a guaranty whereby they pledged all their assets, including, but not limited to, SheildX2 LLC's accounts receivables, as collateral for their obligations under the Note. [ECF No. 1-2 (the "Guaranty")].

  On March 14, 2019, the parties agreed to modify the Note and executed an Amended and Restated Portfolio Interest Promissory Note [ECF No. 1-3 (the "Amended Note")]. Among other things, the Amended Note modified the loan amount from $250,000 to $650,000. Amend. Note ¶ 1.1. In addition, starting on the date the parties executed the Amended Note (March 14, 2019), the effective interest rate on any unpaid principal increased from 18% to 25%. *Id.* ¶ 1.2. Under the Amended Note, Defendants were required to pay an initial installment of $500,000 by June 1, 2019, and the remaining unpaid principal and interest by the original maturity date, July 18, 2019. *Id.* ¶ 3.1. Failure to pay the amounts on the dates they were due would result in default under the Amended Note. *Id.* ¶ 5.1. If Defendants defaulted, the Amended Note provides that "[Plaintiff] will have the

right to be paid back by [Defendants] for all its costs and expenses in enforcing this Note" including "reasonable attorneys' fees." *Id.* ¶ 5.4.

On March 14, 2019, the same day the parties executed the Amended Note, the parties executed an Amended and Restated Guaranty Agreement (the "Amended Guaranty"), whereby Defendants pledged all their assets, including, but not limited to, ShieldX2 LLC's accounts receivables, as collateral for their obligations under the Amended Note. [ECF No. 1-4 (the "Amended Guaranty")]. The Amended Guaranty lists several events that constitute an event of default under its terms, including the failure to pay Plaintiff when any amount is due and payable under the Amended Note, the failure of Defendants to "perform, observe, or comply with any of the provisions" of the Amended Guaranty, and the occurrence of an event of default under the Amended Note. *Id.* ¶ 3.

Pursuant to the Amended Note, payments were due on June 1, 2019, and July 18, 2019. Plaintiff alleges, however, that no payments were made. Compl. ¶ 27. Under the terms of the loan documents, Defendants' failure to pay on either of the above dates constituted an event of default. *See* Amend. Note ¶ 5.1; Amend. Guaranty ¶ 3. On July 19, 2021, Plaintiff demanded payment in full for the amounts owed and provided Defendants an opportunity to cure. [ECF No. 1-5]. However, Plaintiffs allege that, to date, Defendants have not made any payments due under the Amended Note or Amended Guaranty. Compl. ¶ 28.

## II. PROCEDURAL HISTORY

Plaintiff filed the Complaint on September 3, 2021, alleging breach of promissory note (Count I) and breach of guaranty (Count II). On September 14, 2021, Plaintiff served

3

Defendants a copy of the Complaint and Summons via substitute service pursuant to Fla. Stat. § 48.031(6)(a). [ECF Nos. 5, 6]; *see also* ECF No. 11 ¶¶ 2-8.

Defendants did not file an answer within 21 days of being served a copy of the Complaint and Summons. Accordingly, on October 7, 2021, Plaintiff filed a Motion for Entry of Default Judgment [ECF No. 8]. That same day, the Clerk entered a Clerk's Default due to Defendants' "failure to appear, answer, or otherwise plead to the Complaint…within the time frame required by law." [ECF No. 9].

On November 3, 2021, 51 days after they were served, Defendants filed a Request for Additional Time. [ECF No. 10]. In the Request, Defendants allege they "never received or had knowledge of this lawsuit until recently" and needed an additional 30 days to hire an attorney to file an answer to the Complaint. *Id*. The Request also asserted that the Clerk's Default "should be set aside as a result of not being served." *Id*. Plaintiff responded to Defendants' Request by asserting that Defendants were in fact duly served, failed to file a timely answer, and failed to establish excusable neglect and a meritorious defense. *See* ECF No. 11. Defendants did not file a Reply in support of the Request for Additional Time, and the time to do so has passed.

On December 12, 2021, the Court denied Plaintiff's Motion for Entry of Default Judgment without prejudice and ordered Plaintiff to file a properly supported motion that clearly explains how the requested judgment amount was calculated. [ECF No. 12]. Accordingly, on January 5, 2022, Plaintiff filed the Amended Motion for Default Judgment which contained detailed damages calculations. [ECF No. 13]. Defendants did not file a proper response to the Motion, and the time to do so has passed.

On January 7, 2022, 115 days after they were served with the Summons and

Complaint, Defendants filed a *pro se* Answer. [ECF No. 14]. In the Answer, Defendants deny 34 of the 40 allegations in the Complaint and assert five defenses: usury, failure to state a cause of action, lack of jurisdiction, ambiguity, and failure to mitigate damages. *Id*.

Defendants also filed a Request to Remove Default concurrently with the Answer. [ECF No. 15 (the "Request")]. The Request states that Defendant Perle had been sick with Covid, which prevented him from finding an attorney. Even so, he still filed an answer to the Complaint and, therefore, requested the Court remove the Clerk's Default. *Id*. Plaintiff responded to Defendants' Request and asserts the Request should be denied because Defendants were duly served and failed to retain counsel despite repeated requests for extensions to do so. [ECF No. 16]. Plaintiff also argues that the Request should be denied because Defendants failed to establish a meritorious defense or excusable neglect for failure to timely respond to the Complaint. *Id*. Defendants did not file a reply in support of their Request, and the time to do so has passed.

On January 21, 2022, Plaintiff filed a Motion to Strike Defendants' Untimely Answer [ECF No. 17] on the grounds the Answer was filed over 3 months after the deadline to do so passed and because Defendant ShieldX2 LLC, as an entity, cannot appear *pro se*. *Id*. Defendants did not respond to the Motion to Strike, and the time to do so has passed.

On May 2, 2022, the undersigned entered an Order requiring the entity Defendant, ShieldX2 LLC, to retain counsel by May 30th. [ECF No. 19]. The Order also required Defendant Perle to either retain counsel or file a Consent By Pro Se Litigant (Non-Prisoner) To Receive Notices of Electronic Filing by the same date. *Id*. Finally, the May 2, 2022 Order admonished Defendants that the failure to comply, including failure by counsel to make a formal appearance for ShieldX2 LLC, may result in sanctions, including imposition

of default. *Id.* ¶3. The Order was sent to Defendants via electronic and postal mail. On June 1st, Defendant Perle filed the Consent to Receive Notices of Electronic Filing. [ECF No. 20]. However, no attorney made an appearance for Defendant ShieldX2 LLC, and Defendants did not seek additional time for an attorney to enter an appearance.

The undersigned set a hearing on the above-referenced motions for June 9, 2022. [ECF No. 21]. Counsel for Plaintiff appeared at the hearing, but neither Defendants nor counsel on their behalf appeared. *See* ECF 23.

### III. APPLICABLE LEGAL STANDARDS

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). "[E]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)). Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim. *Surtain*, 789 F.3d at 1245. Thus, before entering a default judgment, a court must ensure that the well-pleaded allegations in the complaint (which are taken as true due to the default) state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citation omitted). Although an evidentiary hearing is generally required, the Court need not conduct such a hearing "when . . . additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017). Therefore, where the record adequately supports the award of damages, an evidentiary hearing is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also PetMed Express*, 336 F.Supp.2d at 1217, 1223 (finding an evidentiary hearing unnecessary because plaintiff was seeking statutory damages under the Lanham Act); *Luxottica Group S.p.A. v. Casa Los Martnez Corp.*, No. 14-22859, 2014 WL 4948632, at *2 (S.D. Fla. Oct. 2, 2014) (same).

## IV.  DISCUSSION

### 1.  Defendant's Request To Remove Clerk's Default

Defendants first requested the Court remove the Clerk's default in their Request for Additional Time [ECF No. 10], which consists of a single paragraph asserting that Defendants were never served and, therefore, needed an additional 30 days to find an attorney and file an answer. *Id*. Two months later, Defendants —without counsel — filed their Answer and Request to Remove Default. [ECF Nos. 14-15]. The Request to Remove Default is similar in format and substance to Defendants' prior Request for Additional Time in that it consists of a single paragraph asserting that Defendants were never served and requesting the Court remove the Clerk's Default and allow Defendants the "brief opportunity to find an attorney to defend my case." [ECF No. 15]. Plaintiff opposes

Defendants' Request on the grounds Defendants were duly served and failed to show good cause for removal of the default. *See* ECF No. 16.

Rule 55(c) provides that relief from the entry of a default may be granted for "good cause shown." Fed. R. Civ. P. 55(c). Although Rule 55(c) does not define "good cause," the Eleventh Circuit has instructed that "'good cause' is not susceptible to a precise formula, but some general guidelines are commonly applied." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief [from default]." *Id*. at 951-52 (citing *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194-95 (6th Cir. 1986)) (alterations added).

Here, Plaintiff alleges that Defendant Perle was actively trying to evade service and provides the Court with several examples of Mr. Perle committing fraud, failing to make payment obligations, and failing to timely respond to complaints but then moving to set aside defaults in other cases. [ECF No. 16] ¶¶ 7-10. Plaintiff also points out that Defendant ShieldX2 LLC has failed to retain counsel. *Id*. ¶ 12. This Court previously notified Defendants that a corporation cannot appear *pro se* and ordered Defendant ShieldX2 LLC to obtain counsel. *See* ECF No. 18. Moreover, Defendants failed to appear before the Court when ordered to do so. *See* ECF No. 23. As indicated above, Defendants have acknowledged and responded to this case and matters filed herein, and, therefore, it is apparent that Defendants have received notice of this Court's orders. For the foregoing reasons, the undersigned finds that Defendants have shown a disregard for these

proceedings and recommends the Court deny Defendants' Request to Remove Default. *See Compania Interamericana Export-Import, S.A.*, 88 F.3d 948 at 951-52.

### 2. Plaintiff's Motion To Strike The Answer

Plaintiff also moves the Court to strike Defendants' Answer because it was filed over three months after it was due without leave from the Court. [ECF No. 17]. The undersigned agrees with Plaintiff and finds that the Answer is untimely under Rule 12 of the Federal Rules of Civil Procedure. Due to the untimely nature of the Answer, the fact that the entity Defendant filed the Answer without being represented by counsel, and Defendants' disregard for these proceedings as described above, the undersigned recommends the Court grant Plaintiff's Motion and strike Defendants' Answer. *See Two Men and a Truck/Int'l, Inc. v. Empire Moving and Storage Inc.*, No. 11-62452-CIV-ZLOCH, 2012 WL 12863124 (S.D. Fla. 2012) (striking untimely answer after default had been entered and defendant failed to retain counsel).

### 3. Plaintiff's Amended Motion For Default Judgment

With the foregoing in mind, the undersigned turns to the allegations in the Complaint and the agreements at issue — the Amended Note and Amended Guaranty — to determine whether there is a sufficient basis in the pleadings for the requested judgment.

#### a. *Liability — Breach Of Amended Note And Amended Guaranty*

The elements of a breach of contract claim are (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). "Under Florida contract law, where the contract terms are clear and unambiguous, a court must give effect

9

to the plain meaning of the terms." *National R.R. Passenger Corp. v. Rountree Transp. & Rigging, Inc.*, 422 F.3d 1275, 1284 (11th Cir. 2005) (citation omitted).

A cause of action for breach of a guaranty agreement arises upon default and a guarantor's subsequent refusal to pay. *Ocean Bank v. M/Y Andrea Del Mar*, No. 1:16-CV-21512-JLK, 2017 WL 7794596, at *2 (S.D. Fla. Aug. 18, 2017) (citing *Brunswick Corp. v. Creel*, 471 So. 2d 617, 619 (Fla. 5th DCA 1985). The elements of a breach of guaranty claim are the same as those of a claim for breach of contract. *See Ferguson Enter. v. Astro Air Conditioning and Heating, Inc.*, 137 So. 3d 613, 615 (Fla. 2d DCA 2014). Where the guaranty is absolute, the guarantor becomes liable upon nonpayment by the principal and the non-breaching party has no duty to first pursue the principal borrower before resorting to the guarantors. *See Mullins v. Sunshine State Service Corp.*, 540 So. 2d 222, 223 (Fla. 5th DCA 1989).

Here, Plaintiff alleges that Defendants entered into the Amended Note with Plaintiff, breached the Amended Note by, *inter alia*, failing to make payment, and owe Plaintiff the principal and interest due under the Amended Note. Compl. ¶¶ 17, 28, 32-33.

Moreover, Plaintiff alleges that Defendants entered into the Amended Guaranty with Plaintiff, breached the Amended Guaranty by, *inter alia*, failing to make payment, and have damaged Plaintiff by their failure to make payment. Compl. ¶¶ 23, 38-40].

The undersigned finds that the Complaint adequately states claims for relief for breach of contract and breach of guaranty, and, therefore, Plaintiff has met its pleading obligations for Counts One and Two of the Complaint. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Therefore, the substantive well-pleaded allegations of fact set forth in Counts One and Two of Plaintiff's Complaint, which Defendants admit due to the default, show that Plaintiff is entitled to relief for breaches of the Amended Note and the Amended Guaranty. Accordingly, entry of default judgment against Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure is appropriate.

b. *Damages*

The undersigned next turns to Plaintiff's claim for damages and the basis therefore. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters."). "Damages may only be awarded if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested." *Angelini v. Remasur USA, LLC*, No. 16-21290, 2018 WL 4410008, at *3 (S.D. Fla. May 25, 2018).

Plaintiff seeks $650,000 as the principal amount of damages in addition to pre- and post-judgment interest. Pursuant to the Amended Note, an annual interest rate of 18% applied to the initial principal of $250,000 for 51 days, from the date the parties executed the Note on January 22, 2019, to the date the parties executed the Amended Note on March 14, 2019. [ECF No.1-4] ¶1.2. Thereafter, the interest on the principal accrued at a rate of 25% per annum. *Id*. *See also* Fla. Stat. §§ 687.03; 687.071. (Allowing for a maximum interest rate of 25% on loans that exceed $500,00).

Based on the Complaint, the express terms of the Amended Note and Amended Guaranty, and the other supporting documents submitted by Plaintiff, the undersigned finds that Plaintiff has demonstrated that it is entitled to recover the principal sum of $650,000, plus $6,287.67 in prejudgment interest at 18% from January 22, 2019, to March 14, 2019, and 25% pre-and post-judgment interest thereafter. *See* Fla Stat. § 55.03 (Permitting parties to contractually agree to a higher interest rate on judgments than provided by the statute).

    c.  *Attorneys' Fees And Costs*

Plaintiff also seeks to recover its attorneys' fees and costs incurred in this litigation. Pursuant to the Amended Note and Amended Guaranty, Plaintiff is entitled to recover all its costs and expenses incurred in enforcing the terms of the agreements, including reasonable attorneys' fees. *See* Amend. Note ¶ 5.4, Amend. Guaranty ¶ 5. While a party has a right to attorneys' fees incurred in the successful prosecution of a claim, the courts have a corresponding duty to make sure that such award is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The determination of the amount of fees to award is vested in the sound discretion of the Court. *See Arch Ins. Co. v. GC Works, Inc., No.* 12-21260, 2013 WL 12181371, at *6 (S.D. Fla. Feb. 4, 2013). At the hearing held on June 9, 2022, counsel for Plaintiff requested the Court find Plaintiff is entitled to reasonable attorneys' fees and costs, the amount of which the Court would determine upon the filing of Plaintiff's motion for attorneys' fees and costs. Based on the express terms of the Amended Note and Amended Guaranty, the undersigned recommends the Court find Plaintiff is entitled to payment of its attorneys' fees and costs by Defendants, the reasonableness of which will be determined at a later date.

For the reasons stated above, the Court finds that Defendants' Request to Remove Default should be denied and that Plaintiff's Motion to Strike the Answer and Motion for Default Final Judgment should be granted. The Court further finds that Plaintiff is entitled to an award of reasonable fees and costs.

## V. RECOMMENDATION

Accordingly, the undersigned respectfully **RECOMMENDS** as follows:

1. Defendants' Request to Remove Default [ECF No. 15] be **DENIED with prejudice**;

2. Plaintiff's Motion to Strike Defendants' Untimely Answer [ECF No. 17] be **GRANTED** and Defendants Answer [ECF No. 14] be **STRICKEN**; and

3. Plaintiff's Amended Motion for Default Judgment [ECF No. 13] be **GRANTED** and a default judgment be entered in favor of Plaintiff, Top Beam Inc., and against Defendants, ShieldX2 LLC and Cery Perle for:

    (a) an award of $650,000.00 in damages based on the principal amount owed under the Amended Note;

    (b) an award of prejudgment interest at the rate of 18% per annum from January 22, 2019, to March 14, 2019, and that accrued from January 13, 2021, and at the rate of 25% per annum from March 14, 2019 to the date the Court enters final default judgment;

    (c) an award of post-judgment interest at the rate of 25% per annum from the date the Court enters final default judgment;

    (d) an award of attorneys' fees and costs, the amount of which will be determined upon entry of a motion for attorneys' fees and costs.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections

timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 28th day of June 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE