UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CIV-23210-COOKE/Damian

**TOP BEAM INC.**,

   Plaintiff,

vs.

**SHIELDX2 LLC**, *et al.*,

   Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the June 28, 2022 Report and Recommendations of the Honorable Melissa Damian, U.S. Magistrate Judge [ECF No. 24], regarding Plaintiff's Amended Motion for Entry of Default Final Judgment [ECF No. 13]. In her Report, Judge Damian recommends that: Defendants' Request to Remove Default [ECF No. 15] be denied with prejudice; Plaintiff's Motion to Strike Defendants' Untimely Answer [ECF No. 17] be granted and Defendants' Answer [ECF No. 14] be stricken; and Plaintiff's Amended Motion for Default Judgment [ECF No. 13] be granted and a default judgment be entered in favor of Plaintiff, Top Beam Inc., and against Defendants, ShieldX2 LLC and Cery Perle. (*See* Report 13). The Report advised the parties they had 14 days to file objections (*see id.*); to date, no objections have been filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, as here, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes

Case No. 21-CIV-23210-COOKE/Damian

(citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alteration added)).

The Court has reviewed the Motions, the related briefing, Judge Damian's Report, and relevant legal authorities. There is no clear error on the face of the record.

Accordingly, it is **ORDERED AND ADJUDGED** that Judge Damian's Report **[ECF No. 24]** is **AFFIRMED and ADOPTED**.  Defendants' Request to Remove Default **[ECF No. 15]** is **DENIED**; Plaintiff's Motion to Strike Defendants' Untimely Answer **[ECF No. 17]** is **GRANTED**, and Defendants' Answer [ECF No. 14] is **STRICKEN**; and Plaintiff's Amended Motion for Default Judgment **[ECF No. 13]** is **GRANTED**.  A default final judgment is entered in favor of Plaintiff, Top Beam Inc., and against Defendants, ShieldX2 LLC and Cery Perle.

Plaintiff is entitled to an award of $650,000.00 in damages based on the principal amount owed under the Amended Note; an award of prejudgment interest at the rate of 18% per annum from January 22, 2019 to March 14, 2019, and that accrued from January 13, 2021, and at the rate of 25% per annum from March 14, 2019 to the date the Court enters final default judgment; an award of post-judgment interest at the rate of 25% per annum from the date the Court enters final default judgment; and an award of attorneys' fees and costs, the amount of which will be determined upon the filing of a motion for attorneys' fees and costs.

If Plaintiff wishes the entry of a separate judgment, it may submit a proposed final judgment consistent with this Order.

Case No. 21-CIV-23210-COOKE/Damian

The Clerk shall mark this case as **CLOSED**. All other pending motions are **DENIED** as moot.

**DONE and ORDERED** in Miami, Florida, this 14th day of July 2022.

_____
for **MARCIA G. COOKE**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Melissa Damian, U.S. Magistrate Judge
counsel of record

3