UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23210-COOKE/DAMIAN

TOP BEAM INC.,

    Plaintiff,

vs.

SHIELDX2 LLC and CERY PERLE,

    Defendants.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS [ECF NO. 29]**

    THIS CAUSE is before the Court on Plaintiff, Top Beam Inc.'s ("Plaintiff" or "Top Beam"), Motion for Attorneys' Fees and Costs Against Defendants, ShieldX2 LLC and Cery Perle (collectively, "Defendants"), filed September 12, 2022 [ECF No. 29] (the "Motion"). The Motion was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, on behalf of the Honorable Marcia G. Cooke, United States District Judge. [ECF No. 30]. *See* 28 U.S.C. § 636.

    The undersigned has considered Plaintiff's Motion and supporting documents and the pertinent portions of the record and is otherwise fully advised in the premises. In addition, the undersigned notes that Defendants have not made an appearance in the case and have not filed a response to the Motion and that the time to do so has passed. For the following reasons, it is recommended that the Motion be granted in part.

## I. BACKGROUND

Plaintiff, Top Beam, initiated this action based on the failure to make payments due under promissory notes and guaranty agreements under which Defendants promised to pay Plaintiff $650,000.00, plus interest. Plaintiff sought to recover the amounts due under the notes, as well as to enforce guarantees executed by Defendant Perle. [ECF Nos. 1, 13]. After Defendants failed to appear, Plaintiff moved for entry of default [ECF No. 8], which the Clerk entered on October 7, 2021. [ECF No. 9].

Over the next six months, Defendant Cery Perle attempted to appear in the case, requested additional time to respond to the Complaint [ECF No. 10], sought to set aside the Clerk's default [ECF No. 15], and attempted to appear pro se [ECF No. 20]. Meanwhile, Plaintiff opposed Defendant Perle's efforts and moved for default judgment. [ECF Nos. 11, 16, 17].

On June 9, 2022, the undersigned held a hearing to address the various pending matters, and Defendants failed to appear despite having been given notice of the hearing. Following the hearing, the undersigned issued a Report and Recommendation recommending that Defendants' request to set aside the default be denied, that Plaintiff's motion to strike Defendants' untimely answer be granted, and that Plaintiff's Amended Motion for Default Judgment[1] be granted. [ECF No. 24]. On July 14, 2022, the District Court adopted the Report and Recommendation and entered a default final judgment in favor of Plaintiff in the amount of $650,000 against Defendants jointly and severally and awarded attorneys' fees and costs to be determined upon the filing of a motion for attorneys' fees. [ECF

---

[1] Plaintiff's original motion for default judgment was denied without prejudice as insufficient based on the failure to explain the basis for the amounts of damages sought. [ECF No. 12].

No. 25]. Thereafter, although Defendant Perle again tried to set aside the default judgment [ECF No. 27], the District Court entered Final Judgment in favor of Plaintiff and against Defendants on July 18, 2022 [ECF No. 26] and denied Defendant Perle's motion. [ECF No. 28]. Plaintiff then filed the presently pending motion to recover the fees and costs awarded in that Judgment. [ECF. No. 29].

## II. THE MOTION FOR FEES AND COSTS

Plaintiff seeks entry of an Order awarding fees and costs in the total amount of $30,492 from Defendants. [ECF No. 29]. Plaintiff has filed a Motion, which sets forth the events leading to the Motion and includes a description of the work on which the Motion is based. Along with the Motion, Plaintiff provided information regarding the law firm and attorneys and staff who billed the time underlying the fees requested, detailed billing records, and a sworn declaration from lead counsel for the Plaintiff verifying the fee request. *Id*. at Exhibits A and B. The Motion also includes a certification indicating that Plaintiff attempted to confer with Defendants multiple times prior to filing the Motion and that Defendant Perle ultimately indicated that he opposes the relief requested. *Id*. at 6. The record reflects that neither Defendant filed an opposition to the Motion, and the time to do so has passed.

The AXS Law Group law firm represents Plaintiff in this action. In the Motion, Plaintiff explains that it retained the AXS Law Group based on a flat fee rate of $30,000 plus a contingency agreement for any funds recovered post judgment. Attorney Anthony Narula, Esq., who has been a member of the Florida Bar since 2008, was the primary attorney responsible for this case for the AXS Law Group, and, in his exhibits to the Motion, Attorney Narula indicates that his billing rate was $525.00 per hour. He was assisted by a law clerk and a paralegal, whose hourly rates are $150 and $250, respectively. The billing records supplied

with the Motion reflect that, through the date of filing the Motion, Attorney Narula billed 58.7 hours, and the law clerk and paralegal billed a total of 16.2 hours, for a total of $33,637.50 in connection with this representation. The billing records also set out the costs of $492.00 incurred in connection with the representation. Thus, as the Motion explains, the billing records reflect that, at their customary rates, the fee charged would be $3,637.50 more than the agreed flat rate fee of $30,000.

### III. LEGAL ANALYSIS

#### *A. The Motion Could Be Granted By Default*

Rule 7.1(c) of the Local Rules for the Southern District of Florida provides that the failure of a party to respond to a motion within 14 days from the date of service may be deemed sufficient cause for granting the motion by default. Defendants in the case at bar have failed to respond to the Motion for well over 14 days from the date that it was filed and have failed to participate in this action in any meaningful manner. Therefore, the Motion could arguably be granted by default. However, the Motion should also be granted, in part, on the merits.

#### *B. Plaintiff Is Entitled To Recover A Portion Of The Claimed Fees And Costs*

1. *General Framework For Analysis*

Under the lodestar method applied by the courts in the Eleventh Circuit, attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Plaintiff bears the burden of documenting reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Plaintiff must also supply detailed

4

evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity. *See Barnes*, 168 F.3d at 427.

Thus, the Court may review the hourly rate and attorney time for reasonableness based on the 12 so-called "Johnson factors," including (1) the time and labor required, (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340–41 (11th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

2. *Reasonable Hourly Rate*

This Court must first determine whether the fee applicant has satisfied the burden of establishing that his requested hourly rate is reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Generally, acceptable proof of the market rate may consist of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. *Id.* With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303.

Upon a review of the record as a whole, the undersigned finds that Plaintiff has not satisfied its burden of demonstrating that the rates set forth in the Motion are within the prevailing market rates in the Southern District of Florida. Other than one statement by Attorney Narula in his sworn declaration, in which he states that "[t]his hourly rate is equal to the prevailing rate for attorneys of similar experience and skill in the South Florida area[,]" Plaintiff provides no support for an award of fees based on a $525 hourly rate for an attorney of Mr. Narula's experience in this type of case. Nor does Plaintiff offer any support for an hourly billing rate of $250 for paralegal work or $150 for summer associate work.

While the undersigned agrees that Mr. Narula is knowledgeable and experienced, the rates are excessive for a case premised largely on breach of contract claims and where the case resulted in a default judgment. This case is also not complex; it did not go to trial; it had only been pending for approximately one year when the Motion was filed; and there was no complex motion practice needed.

Taking these factors into consideration along with the quality of the representation, counsel's years of experience, and all other pertinent factors, $425 is more appropriate as a reasonable hourly rate for Mr. Narula. *See, e.g., Pharma Funding, LLC v. FLTX Holdings, LLC*, Case No. 20-21103-CIV, 2021 WL 1166051, at *13-15 (S.D. Fla. Mar. 8, 2021) (Torres, J.) *report and recommendation adopted*, No. 20-21103-CIV, 2021 WL 1165420 (S.D. Fla. Mar. 26, 2021).

The same reasoning applies to the paralegal and summer associate because—while they seek to recover a rate of $250/hour and $150/hour—this is excessive for the South Florida legal community. The most that the Court should award for fees incurred by the paralegal and summer associate is $125/hour for the same reasons already stated. *See id*. at

\*16 (citing *Rodriguez v. Guilfoyle*, No. 18-23621-CIV, 2019 WL 2254926, at \*3 (S.D. Fla. Feb. 1, 2019) (Torres, J.), *report and recommendation adopted*, No. 18-23621-CIV, 2019 WL 2255019 (S.D. Fla. Mar. 1, 2019) ("We also find that [attorney's] request for an hourly rate of $150 for his legal assistant is excessive and, as a result, we reduce the rate requested to $ 100 per hour"). If this case had been more complex or proceeded to trial, a higher rate for the paralegal may have been more appropriate. *Id*.

### 3. Reasonable Hours Expended

The Court must next determine whether the number of hours spent on the matter by counsel is reasonable. Counsel must use "billing judgment" when requesting attorney's fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Barnes*, 168 F.3d at 427. Although the party requesting attorney's fees must submit evidence sufficient to allow the court to determine that the requested fees are reasonable, "objections and proof concerning hours that should be excluded must be specific and reasonably precise." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). In addition, "when a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). While a party has a right to attorney's fees incurred in the successful prosecution of a claim, the courts have a corresponding duty to make sure that such an award is reasonable. *See Hensley*, 461 U.S. at 433–34 (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what amount of fees to award is vested in the sound discretion of the Court. *See id*. at 437.

The undersigned has independently and carefully reviewed the billing records submitted by Plaintiff to determine whether the amounts sought are reasonable. The records reflect that Attorney Narula spent a total of 58.7 billed hours on the matter, including drafting and filing the Complaint, securing a default judgment, and various other filings regarding Defendants' efforts, while the firm's paralegal and summer associate billed 3.9 and 12.3 hours, respectively. [ECF No. 29-1]. Although counsel bills for time preparing its motion for default judgment twice due to the fact that the initial motion for default judgment was found to be inadequate, based upon a review of the record as a whole, the undersigned concludes that the number of hours spent litigating this matter by Plaintiff's counsel falls within a reasonable range.

### 4. *Calculating The Lodestar*

Upon a thorough review of the record, including counsel's billing records, the undersigned concludes that Plaintiff is entitled to recover, as a reasonable fee, the calculated lodestar total amount of $26,972.50, which is less than the $30,000 flat rate fee the Plaintiff agreed to pay the law firm

### 5. *Costs*

The default judgment entered in this case also awarded Plaintiff costs reasonably incurred in prosecuting this case. The guaranty contract upon which the default judgment was entered specifically authorizes reimbursement of all costs and expenses. In addition, pursuant to Fed. R. Civ. P. 54(d), Plaintiff, as the prevailing party, is entitled to the costs enumerated in 28 U.S.C. § 1920. The costs sought in the present action are $492, comprised of the filing fee and the costs incurred for effecting service of process. The undersigned finds that these

costs were reasonably incurred in the prosecution of this action and are therefore recoverable under the terms of the notes and guaranty contract.

## IV. RECOMMENDATION

Based upon the foregoing analysis, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Attorneys' Fees and Costs [ECF No. 29], be **GRANTED IN PART**, and that Plaintiff be awarded a total of $27,464.50, consisting of $26,972.50 in attorneys' fees and $492 in costs, against Defendants Shield X2, LLC and Cery Perle, jointly and severally.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 8th day of November 2022.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

CC: All Counsel of Record

Cery Perle
7950 NW 53rd Street, Ste. 337
Miami, Florida 33166
Cery627@gmail.com